IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KATHLEEN ANN SHIVELY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 13-495-SLR |
| ) | |
| PETSMART, INC., ) | |
| ) | |
| Defendant. ) | |

Jessica Zeldin, Esquire of Rosenthal Monhait & Goddess, P.A., Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: Jeffrey A. Klafter, Esquire, Seth R. Lesser, Esquire, Fran L. Rudich, Esquire, and Rachel Aghassi, Esquire of Klafter Olsen & Lesser LLP. Marc S. Hepworth, Esquire, David A. Roth, Esquire, and Charles Gershbaum, Esquire of Hepworth Gershbaum & Roth PLLC.

William R. Denny, Esquire and Michael B. Rush, Esquire of Potter Anderson & Corroon LLP, Wilmington, Delaware. Counsel for Defendant. Of Counsel: Andrew J. Voss, Esquire, Jacqueline E. Kalk, Esquire, and Jeffrey A. Timmerman, Esquire of Littler Mendelson, P.C.

**MEMORANDUM OPINION**

Dated: October 21, 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On March 28, 2013, plaintiff Kathleen Ann Shively ("Shively") filed a complaint against defendant PetSmart, Inc. ("PetSmart") alleging that PetSmart, acting by and through, among others, Jodi Ryall ("Ryall") unlawfully retaliated against her for joining and asserting a Fair Labor Standards Act (FLSA) claim for overtime wages and other damages in the McKee v. PetSmart, Inc.[1] matter before this court. (D.I. 4) Shively also filed a motion for a preliminary injunction to enjoin PetSmart and its employees from engaging in any further act of retaliation against her. (D.I. 1) The motion was withdrawn on May 15, 2013. (D.I. 25) Presently before the court is PetSmart's motion to transfer this action to the District of South Carolina. (D.I. 18) The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b). For the reasons that follow, PetSmart's motion to transfer is denied.

## II. BACKGROUND

Shively is a resident of Duncan, South Carolina. (D.I. 4 at ¶ 7) Shively has worked for PetSmart from in or about July 2002 until the present at PetSmart's stores located in Greenville, Spartanburg, and Taylors, South Carolina. (Id. at ¶ 8)

PetSmart is a Delaware corporation with its principal place of business located at 19601 N. 27th Avenue, Phoenix, Arizona 85027. (Id. at ¶ 9) PetSmart operates a chain of 1,232 stores in 48 states throughout the country, with net sales of over $6.1

---

[1] McKee v. PetSmart, Inc., Civ. No. 12-1117, 2013 WL 2456719 (D. Del. June 5, 2013) (adopting Magistrate Judge Thynge's Report and Recommendation that action not be transferred to Arizona) ("McKee Order"); McKee v. PetSmart,Inc., Civ. No. 12-1117, 2013 WL 1163770 (D. Del. Mar. 20, 2013) (Report and Recommendation) ("McKee R&R").

billion in fiscal year 2012. (*Id.*) PetSmart does business in Delaware, including at its retail locations throughout the State of Delaware. (*Id.* at ¶ 10) Ryall is a store manager at the PetSmart location where Shively is currently assigned, and supervises and directs Shively in her present work for PetSmart. (*Id.* at ¶ 17)

## III. STANDARD OF REVIEW

Section 1404(a) of Title 28 of the United States Code grants district courts the authority to transfer venue "[f]or the convenience of parties and witnesses, in the interests of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Much has been written about the legal standard for motions to transfer under 28 U.S.C. § 1404(a). *See, e.g., In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995); *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367 (D. Del. 2012).

Referring specifically to the analytical framework described in *Helicos*, the court starts with the premise that a defendant's state of incorporation has always been "a predictable, legitimate venue for bringing suit" and that "a plaintiff, as the injured party, generally ha[s] been 'accorded [the] privilege of bringing an action where he chooses.'" 858 F. Supp. 2d at 371 (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955)). Indeed, the Third Circuit in *Jumara* reminds the reader that "[t]he burden of establishing the need for transfer . . . rests with the movant" and that, "in ruling on defendants' motion, the plaintiff's choice of venue should not be lightly disturbed." 55 F.3d at 879 (citation omitted).

The Third Circuit goes on to recognize that,

> [i]n ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.

*Id.* (citation omitted). The Court then describes some of the "many variants of the private and public interests protected by the language of § 1404(a)." *Id.*

> The private interests have included: plaintiff's forum of preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses - **but only to the extent that the witnesses may actually be unavailable for trial in one of the fora**; and the location of books and records (**similarly limited to the extent that the files could not be produced in the alternative forum**).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* (citations omitted) (emphasis added).

### III. ANALYSIS

With the above "jurisdictional guideposts" in mind, the court turns to the "difficult issue of federal comity" that transfer motions present. *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 976 (3d Cir. 1988). Shively has not challenged PetSmart's assertion that

3

venue would also be proper in the District of South Carolina; therefore, the court will not address this further. See 28 U.S.C. § 1404(a); (D.I. 19 at 4-5)

The parties have both chosen legitimate forums in which to pursue the instant litigation. In this regard, certainly a party's state of incorporation is a traditional and legitimate venue, as is the locus of a party's business activities. Given that "convenience" is separately considered in the transfer analysis, the court declines to elevate a defendant's choice of venue over that of a plaintiff based on defendant's convenience. Therefore, the fact that plaintiffs have historically been accorded the privilege of choosing their preferred venue for pursuing their claims remains a significant factor.

With respect to where the claim arose, PetSmart argues that the events underlying Shively's claims occurred at the PetSmart in which Shively is employed located in the District of South Carolina. (D.I. 19 at 7) Shively, however, contends that her present retaliation claim arose from her participation in the McKee action pending before this court and the facts of the two are intertwined. (D.I. 30 at 7) Shively further contends that, in bringing its counterclaim against her, PetSmart seeks to litigate the identical issue as that in McKee. (Id. at 1)

The Third Circuit in Jumara indicated that, in evaluating the convenience of the parties, a district court should focus on the parties' relative physical and financial condition. In this case, PetSmart is a large company and Shively is an employee of

PetSmart. PetSmart's litigation history shows that it has litigated in multiple states and, therefore, is financially capable of litigating in Delaware.[2]

Considering the convenience factor, PetSmart has not argued that any potential witness or document will be unavailable for trial in Delaware, only that it will be more costly to try the case in this forum. As noted by the court in denying PetSmart's motion to transfer venue in *McKee*, however, "[g]iven that discovery is a local event[3] and trial is a limited event[4] in this court," *McKee Order*, 2013 WL 2456719, at *1, the convenience factor does not compel a change in venue.

With respect to administrative difficulty, trial in this case will be scheduled consistent with the parties' proposals. PetSmart argues that South Carolina is the clear epicenter of this dispute giving it a greater local interest in the controversy. (D.I. 19 at 11) PetSmart, however, is a corporate citizen of Delaware, and Delaware "is usually found to have an interest when a lawsuit is brought against . . . its citizens." *Zazzali v. Swenson*, 852 F. Supp. 2d 438, 452 (D. Del. 2012). "Furthermore, while [South Carolina] has a local interest, the instant action does not represent a local controversy, since it involves violation of a federal law, brought against a multinational corporation," see *McKee R&R*, 2013 WL 1163770, at *6, concerning policies that are enforced on a

---

[2] Searches by party name in the PACER case locator reveal PetSmart as a party to approximately 376 civil cases in almost every state. Shively has also opted into the *McKee* action before this court, from which the present action derives. (D.I. 30 at 1)

[3] Depositions are taken where the deponents reside; the production of documents is an electronic event.

[4] Limited in terms of the number of hours allocated per party, and the number of witnesses and exhibits that are generally presented in that time frame.

company-wide basis. Local interest in deciding local controversies, therefore, is not a dispositive factor.

The remaining *Jumara* public interest factors–the enforceability of a judgment, the public policies of the fora, and the familiarity of the judge with state law–carry little weight in this transfer analysis.

## IV. CONCLUSION

In sum, PetSmart has the burden of persuading the court that transfer is appropriate, not only for its convenience but in the interests of justice. For the reasons cited above, the court is not persuaded that transfer is warranted.